May it please the court, my name is David McColgan and I'm the attorney arguing on behalf of Armando Leyva. Now I would request three minutes rebuttal time. That's fine Mr. McColgan, thank you. Thank you your honor. Mr. Leyva was convicted of statutory sexual assault in a bench trial. He was represented by Charles Peruto Jr. who committed ineffective assistance of counsel in numerous respects as laid out in the petition in this case. Now what's important is that this ineffectiveness was so clear that the trial judge, remembering of course that this was a bench trial so this was the same judge who had actually acquitted Mr. Leyva of the more serious charges convicted only of the least serious charge. That same trial judge when he was presented with the issues on appeal and the affidavits in support of the ineffectiveness claim, he wrote an opinion saying that yes he was convinced there was an effectiveness and there should be a new trial. So these are important issues and all we are asking for at this stage is that these substantive issues have a hearing in the district court. The district court in this case dismissed almost all of the claims on procedural grounds that are simply erroneous. There's essentially three narrow issues on this appeal. The first two are issues of whether or not the ineffectiveness claims were procedurally barred. They break out into two separate procedural default issues. And the third issue is just whether or not the district court actually addressed the conflict of interest claim that Mr. Leyva actually raised in his petition. So I'd like to turn to the first issue which is the Khalil Affidavit Rule issue. This concerns the first claim and the first claim is the ineffectiveness of counsel for failure to withdraw to be a witness to an offer by the complainant's mother that she had offered to drop the charges in exchange for $5,000. Now both the superior court and then the district court expressly relied on the Khalil Affidavit Rule for finding that this claim was procedurally defaulted. There's no question in the record that that was the basis. And of course that was error because Khalil wasn't even decided until seven months after the superior court brief was filed. Did they say that was relevant to the case? That's the issue that bothers me. You have a complainant is one person. Then the complainant's mother said we'll drop the charges if you pay us whatever it was, $5,000? Well that's an issue that would have to be addressed by the district court. They did not address that. They simply said that that issue has been procedurally defaulted because of failure to file an affidavit of the witness, Mr. Peruto, Jr. Can we determine whether it's relevant or does it have to go back to the district court? It has to go back because that's a substantive issue. It really goes to the prejudice issue. It's whether or not ineffectiveness breaks down into two categories, of course, two problems. One, was there deficient performance? And two, was there prejudice? And the question that you're asking really goes to the second problem, was there prejudice? The district court would need to hold a hearing on that and make a determination based on the facts. But in any event, it's certainly relevant that the complainant wasn't just another adult and this happened to be her mother. Now this is a 14-year-old girl. But it's not a party? The mother's not a party? Well, but effectively, you know, she may not be legally a party, but she is factually a party because she's a driving force behind this. And if she's the one who, in effect, believed that she could get the charges dropped and shake down Mr. Leyva for $5,000, that is very strong bias evidence on the part of the complainant herself that she may well have been influenced by her mother and her mother's desire to see these charges brought. It's hard to imagine anything that could even be more relevant and more significant in a prosecution of a case involving a child complainant than the influence on the mother. Was this statement supposed to have been made from the mother to the defense counsel and nobody else present? That's correct. That's correct. And what happened was the defense counsel informed Mr. Leyva and his wife of this statement that the mother had made. And he also, you know, even acknowledged the possibility of withdrawing. So he was aware of the potential conflict issue, and yet he still did not withdraw. But in any event, all of these backgrounds  Was there an affidavit from the attorney, as a matter of fact, to house out into the record? No, there was no affidavit. In fact, that's where we come to the creel affidavit rule. I realize you're going to claim Begley was in effect at the time, right? Excuse me? You're claiming that Begley controlled instead of Khalil, right? That's correct. And that the actual basis for the dismissal was the Khalil affidavit rule. That wasn't in effect. So there was no valid procedural bar. So it's very straightforward. You have to look at the procedural bar that was actually applied. In this case, it's the Khalil affidavit rule. And of course, there was no affidavit from the council, the state's Supreme Court. But Justice Sopala, in a concurring opinion of Williams, has in fact pointed out that we would not expect to get affidavits of ineffectiveness from a counsel himself in an ineffectiveness claim. And that's because counsel has an opposing interest. So an effective counsel should not be treated just as any other missing witness. We want to show that the witness would, of course, have been cooperative. We would expect an effective counsel to have an interest in not being cooperative and to not sign a witness. Well, that's the case. The Khalil rule applies. But you say it doesn't because the rule in Pennsylvania was enacted or was part of the case law after this incident. That's right. So because of the timeliness. But even if it were to apply, you wouldn't expect counsel to submit an affidavit that's adverse to his own position. Exactly. So those are the two reasons you're presenting why this claim was not procedurally defaulted. Exactly. And I think they're both compelling reasons. They're both independently valid reasons for finding that there was simply no procedural default in this case. And the government, it should be noted, doesn't really have a response to that. They don't even cite to the Khalil case itself in their brief. Although they were quite happy to rely on Khalil when they briefed us in the district court. There's no mention of Khalil in their brief before this court. So they have implicitly conceded that, of course, since Khalil wasn't even decided until seven months later, that could not be viewed as a valid basis for the procedural default. Instead, what they try to do is shift to a different ground. They say that, well, it wasn't really an affidavit rule at all. It just required an offer of proof. And there wasn't a sufficient offer of proof in this case. But again, that argument fails for two reasons. One, that's not the procedural bar that was applied. It was a very specific Khalil affidavit rule. The Superior Court stated three times in their opinion that it was the failure to file an affidavit from defense counsel that procedurally barred that claim. Now, all the other claims were procedurally barred because of a rule in Pennsylvania that you have to be in custody in order to present the claims. That's right. All the other ineffectiveness claims were procedurally barred on that. And we have the same situation there where, again, it's clear that that procedural bar is not a valid procedural bar. You're talking about Hubbard and Corrient and the interplay? I mean, you have to raise ineffectiveness as soon as possible. And a grant basically said you wait until you fire your postconviction. That's probably not a review, right? That's correct, although we don't have to get into that issue, Your Honor, because, again, what controls is what was the procedural ground on which the petition was actually dismissed? And the procedural or what was the basis for the dismissal, I should say. And the basis for the dismissal was simply that Mr. Laver was no longer in custody. And that's crystal clear on the record. There was no other basis. It was simply that he was no longer in custody. You're talking about under costs versus lack of warrant? Yes, Your Honor. Okay. Exactly. And under costs, it's crystal clear that the fact that somebody has been released from custody and no longer has an available state court remedy, that does not equate to procedural default. It just means that there's no available state remedy. There is a federal remedy, but not a state remedy. And so it's very clear that that procedural ruling was also invalid. What you want here is this to be remanded to the district court to have a hearing on whether counsel said that this lady had told him that she'd sell out for $5,000 or whatever it was. Yes, that goes back to the first issue. That relates to the cleal affidavit rule. As to the second issue, the… Well, it all has to do with his ineffective assistance, does it not? Yes, and we have numerous grounds. I mean, we also have failure. It does also relate to the $5,000 because it's failure to call the complainant's mother as an adverse witness regarding the $5,000. It relates to failure to withdraw, to be a witness to the complainant's perjury regarding false charges she brought against the complainant's mother's boyfriend. The failure to present biased evidence concerning the mother and the boyfriend who had both been charged with murder. And the mother was actually cooperating at the time of this prosecution against Mr. Laba with the government. You would get all that in if you were to succeed on the first claim, the affidavit rule. Your Honor, I don't think so. I think we really have… The affidavit rule really just goes to the ineffectiveness claim, failure to withdraw and be a witness to the $5,000. But we have four separate grounds that were separately dismissed based on the expiration of Mr. Laba's sentence. So we really have to look at both. Were you ultimately seeking a new trial? Yes, Your Honor. Seeking a new trial or dismissal of the charges? If you get a new trial, all these issues are back into play, aren't they? That's correct. Your client might get more time, David. Well, that would certainly be an unfortunate irony if that happened, Your Honor. I hope he understands it. Yes, he does, and I think he'd be very unhappy if that were to happen. I understand your point with regard to the ineffective assistance and the affidavit claim. But with regard to the procedural rule, the Pennsylvania procedural rule that you have to be in custody, why isn't that a procedural rule that is independent and reasonable and applied across the board to everyone the same way? In other words, why isn't that a correct way or a correct rule under which these claims could be dismissed? It is all of those, but it's not procedural default. There is no way in which Mr. Leyva defaulted. He validly filed his PCRA petition. He has not violated any procedural rule. It's simply the case that by the operation of that rule, he has no available state remedy. And Cost makes clear that there's a distinction between no longer having a state court remedy because of the application of that rule and procedural default. They do not equate. Cost makes that crystal clear. I see that my time is up. Did you reserve three minutes? I reserved three minutes. Mr. Goldberg, thank you. Thank you, Jack. Mr. Goldberg. Good afternoon, Your Honors. My name is Joshua Goldberg, and I represent the Commonwealth of Pennsylvania and its official nominal party respondents. Ordinarily, this is the part of the argument where I'd like to say that most of what I have to say has already been covered and the briefs have been covered in the district court and the briefs in this court, so that other than to hit a few of the high points and to answer any questions Your Honors might have, I don't have that much to add. Unfortunately, given the unusual posture in this case in which we're getting into all the issues for the first time now on appeal, I'm not sure I can really do that. In fact, most of what I need to address was really raised for the first time not only on appeal but for the first time in the appellant's reply brief, which was filed about half a year at a time, about a month and a half ago, about seven months after we filed our red act appellee's brief. I can scarcely wait to hear what new arguments are raised for the first time on rebuttal after I sit down. First of all, what we have in this case is really almost a deliberate bypass, not just of the state courts but also the district court below. The claim presented to the state courts was a claim that he's entitled to a new trial on the basis that his wife says that his trial lawyers said that the victim's mother said that she'd make the case go away for $5,000, which of course she wouldn't have had the power to do anyway, and that the fact that this happened... But you know what lends credence to that is that there was a similar incident before where a claim was made against her boyfriend, that is the mother's boyfriend, and then it happened to have been dismissed later. And the victim said that I was asked to testify that it never happened. So it seems like that incident lends credence to the subsequent incident. I submit that there's no evidence, no relevant non-hearsay evidence that this happened in this case. I mean, we're basically asked to take, or the state courts were asked to take, just at its word. Of course, in the state courts they weren't asking, at least on direct appeal for a remand for a hearing, they just said, Superior Court, accept the affidavit of my wife who says that my lawyer says that the victim's mother said she'd make the case go away for $5,000. There was no admissible non-hearsay evidence that any of this ever occurred, and there was not even an explanation for why no relevant non-hearsay evidence was being presented. Do you really think they could get an affidavit from defense counsel as to all this? I see absolutely no reason why not, and I see absolutely no reason why counsel needn't try. They suggest that, well, this was against the counsel's interest, and so of course counsel should be assumed not to want to participate. As I believe that almost any trial judge would know, there are certainly some attorneys who might be prickly about having their effectiveness questioned in collateral proceedings. There are certainly trial counsel who are happy to candidly take a dive in the service of a former client, and frankly, I would tend to think that most attorneys would be somewhere in the middle where they probably wouldn't be thrilled about the idea of having their effectiveness attached on collateral review, but they would say, but I'll be intellectually honest. I did what I did. I didn't do what I didn't do, and I'll be happy to tell you why if you'll only ask. Well, at least as far as the record suggests, nobody bothered to ask. I think the only reasonable conclusion to be drawn from that either is that nobody ever bothered to investigate, ever, even to call the trial counsel and ask him what he has to say. Did any of this actually happen? Did it actually happen this way? Does the CLIA rule really apply to attorneys? You need to supply an affidavit when there are witnesses out there that you could have called to testify  But what the state court seems to be asking here is that the attorney himself supply an affidavit that he himself would testify in favor of the defendant. Well, I think there's a couple of answers to that question. The first answer is, first of all, I know there are counsels that have referred several times to a CALEEL affidavit rule. There is no CALEEL affidavit rule. There was a rule in Pennsylvania, CALEEL restated the general rule, that generally speaking, you need an affidavit. It would be as if this... I mean, it wasn't the prior rule under Bengley that you had a man who went about it to a lawyer for proof. There were, I think, was it five criteria, as I recall? Yes, yes, yes, that's right, Judge Van Amkor. And I think that what this is analogous to is, you might have a case in this court in which it says, we don't consider, we generally don't consider claims and arguments that weren't raised below. And you might have a decision on date A where it considers possible exceptions to the rule, because they're fairly suggested in that case. And then you have case B in which there's no exception suggested, and the court just says, you know, personally, but I think adjectly, this claim wasn't raised below, and so we won't consider it now. It is not the case that this court will be just suddenly creating out of nowhere a new rule. It would just be stating the general rule that this court doesn't consider claims and arguments that weren't raised below. You might be right that an affidavit really may not be required. Maybe an offer of proof is all that sufficient. How about the affidavit of the wife? Could that amount to an offer of proof? I think that it was obviously considered to have been adequate by the state courts, and the reason for that is because, again, the affidavit was obviously hearsay, and there was no even explanation for why there was no attempt to produce an affidavit by the lawyer. Now, again, the lawyer, we're not just questioning his ineffectiveness as counsel. He's also the percipient witness to this alleged offer to make the case go for $5,000. Mr. Gore, even if all that's required is an offer of proof, doesn't that help Mr. Leyva? No, I think it doesn't. Well, isn't there an offer of proof? Because I think you have to come forward with the evidence you present at the hearing, and I think this is not ordinary civil litigation where all you need to do to get a hearing is to present the most minimal adequate offer of proof you can, as long as you can get to the fact finder. Wasn't a trial judge in Pennsylvania so impressed with the offer of proof that he thought this should be a new trial? I'm not persuaded, and the reason for that is, and I realize that this would ordinarily be an outlandish thing to say, is I actually think that there's a very strong chance that that was a typographical error and that the court meant to say that he was not entitled to a new trial. Now, I recognize that ordinarily I say something like that, I'd be half expecting the trap door behind the lectern to open, but I think there's two reasons in this case that there's a strong reason to believe that that actually is the case. How did that come about, to have that judge make that finding? Because the case was already on appeal, and so at the time that the court issued this opinion, the court was divested of jurisdiction. Now, the reasons why I think that the court didn't mean that he was entitled to a new trial, there are two reasons. The first is I don't think that statement is constant at all with the rest of that opinion, as short as it was. In Part A, it holds that he counseled that the verdict wasn't against the weight of the evidence, and then in Part C, it says that there was no material conflict of interest, and then even for the rest of the section, as short as it was on ineffectiveness, the seeming conclusion doesn't follow. I think the more compelling reason for that is if they really thought that this trial judge was going to give him a new trial, they would either struggle at the direct appeal stage for a year and a half, waiting for the state supreme court to decide on this guy's application for discretionary review, rather than go back to the trial court and file a petition for post-conviction review, where the state court could, if he really thought counsel was ineffective, could have given him a new trial. I submit that the reason that didn't happen was because counsel was not nearly as certain that the judge really did think he was entitled to a new trial. If Khalil does not set forth a specific affidavit rule, which I think you said a moment ago, and an offer of proof is all that's required, was not an offer of proof presented in the state courts and in the district court?  No, but there was an offer of proof. That is, it was going to be established at trial that the complaining witness offered to not testify, or the mother, I'm sorry, the mother offered to get her daughter to not testify in exchange for $5,000. But just what is, in the context of... I'm not saying it's hearsay on hearsay, but wasn't that offer presented? The offer was presented, but I don't believe either in collateral review in state court or in collateral review in federal court. I don't believe that would be adequate. Excuse me, but the court didn't rule on the sufficiency or adequacy of the statement. I understand that the court ruled on Khalil on the requirement of an affidavit, but you say that that wasn't the rule of conduct. What I'm saying was there was an alleged incident that occurred of which the percipient witness was the trial counsel, and also I believe there were alleged to have been others in the room when the alleged offer was made, and there weren't affidavits by those others either. I think this also happened in the petitioner's presence. There's no affidavit from him, and in the presence of somebody else named Jesse Bermudez, and there's no affidavit from him or her either. If this were presented in the 2055 proceeding, I don't think that the person would be entitled to a hearing, and the reason why I say that is because I think that in considering collateral review papers, I think in order to determine whether the person is entitled to a hearing, I think the judge is entitled to take a look at the papers and say, if all of this were introduced at a hearing, if this were the evidence presented at a hearing, would the petitioner have a reasonable chance of winning, and if the only evidence presented that this incident allegedly occurred was the affidavit by the wife that this happened, and the lawyer who was currently available doesn't testify, and there's no explanation by the proponent, there's no explanation for the attorney. Then you're suggesting that we come to the conclusion that this offer of proof would have been insufficient. No court has ruled on it, apparently. I think there's no way to read the Superior Court's opinion without coming to that conclusion. Obviously, the Superior Court recognized the affidavit was there. Obviously, the Superior Court thought that this hearsay affidavit from a plainly biased source was plainly insufficient in the absence of any offer of proof or any explanation for why there wasn't an affidavit or at least an explanation from counsel about why they couldn't get an affidavit or anything from an actual witness of this alleged offer. Did this mother testify in the trial in this case? No. No, she did not. Moving on, I haven't been keeping track of the time, but to cut to the quick here, how does this court get around our prior opinion in Cross v. Lackawanna that says if the sentence expires there is only a lack of state process and not a procedural bar? Well, the short answer was that, of course, the Supreme Court reversed this court's opinion in Cross. Yes, at a certain point. Well, yes, but I think that the point was that in reversing, initial this court thought that because you couldn't challenge the state court conviction at any time, in other words, that was a case, of course, in which a later conviction, the sentence was enhanced on the basis of an earlier conviction and the time to challenge the earlier conviction had come and gone and because there was no longer an opportunity to challenge it in federal court, this court concluded, well, that means there's no available state process and so the answer is it gets reviewed in federal court and the Supreme Court said, no, no, no, that means you get no review in federal court either. You have to seek state post-conviction review when it's reasonably available and it was reasonably available in this case. Nobody made him spend a year and a half seeking discretionary review in the state Supreme Court and then waiting another three months on top of that before filing a state post-conviction petition. The post-conviction petition in this case was filed on a Wednesday, as was the habeas petition. His sentence expired on Monday and the suggestion is that that's adequate, that because they threw something over the transom four days before his sentence expired, that they can say, well, that's unfair and that's inadequate. I presented something. I gave them a chance to consider it. It's not my fault. He could have gotten a ruling on a state post-conviction petition if he really wanted one, if he presented it to the state courts in the way that you'd expect of somebody who's actually looking for state post-conviction review as opposed to just somebody who wants a file stamp for their federal court file saying that they filed something in state court. There was no reason he needed to seek review from the state Supreme Court. He certainly didn't need to do so at that time to begin to exhaust his claims for a federal habeas corpus review process. This brings me to the point that it's very difficult to suspect on the record that this is not a test case for short sentence cases, what the test is. If the state courts aren't interested in reviewing short sentence cases, well, then maybe we can use this to advantage by stringing out the direct repeal process as long as we can, then waiting until a few days, maybe even the day the sentence expires, then filing something in state court and simultaneously in federal court and then obtaining review and saying, well, now that the state courts have reviewed it, we not only get review, but we get to know review in federal court and basically the federal courts have to respect our forum shopping choice. Now, I'm not suggesting that it's necessary or even important to this case for this court to conclude this as all but deliberately. What I'm saying is if the court adopts the rules that the appellant is urging, the next case will be deliberate. The rule will encourage appellants at least seeking, at least serving short sentences to string out the direct appeal process as long as possible, by petitioning the state Supreme Court or petitioning the U.S. Supreme Court for cert and then at the last possible day then filing simultaneous post-conviction petitions and federal habeas petitions. You don't have much time. I am still confused over your position with regard to that affidavit rule. Are you saying that Khalil applies in this case? I am saying that they made the argument that really isn't the rule in Pennsylvania because an adequate alternate offer of proof would have sufficed, and my point was we didn't try to do that either. You tried to make this case stand up just on the basis of the wife's affidavit, and if that were the only evidence that were presented at a hearing, the wife's affidavit, and there was no testimony and there was no explanation for why there was no non-hearsay testimony and testimony, on collateral review, you don't win, you lose. Gotcha. Thank you. Hold on a second. Judge Van Der Torpen? No, I have no further questions. Thank you. Thank you, Mr. Goldwater. Mr. McAuldin? Thank you, Your Honor. I'd just like to address a number of points. First of all, the government is now arguing for the first time ever that Judge DeFino's opinion actually contains a typo and it meant to state the opposite of what it actually states. To raise that for the first time at oral argument after all of this time is truly extraordinary. I mean, certainly the government could have tried to have gone back to Judge DeFino if they really thought that he meant to say something else. How did this happen to come up in front of the trial judge? It's because of the procedures in the state court. What happens is... Was it a motion for a new trial? No, it wasn't a motion for a new trial. It was because when a direct appeal is filed, there has to be a statement of issues presented on appeal, and when that statement of issues was filed in this case, it was filed with attached affidavits alleging the ineffectiveness. And then that goes to the trial judge, the court of common pleas judge, so that that judge can then write an opinion that in most cases will be affirming why he made or she made the rulings that she did or he did. In this case, the judge reviewed the affidavits, reviewed the allegations, and concluded based on the affidavits that he would have been inclined, that he would have granted a new trial. And that is certainly very significant. Had the time expired within which to grant a new trial? Yes, at that point it was on direct appeal, so he would not have had a chance to grant a new trial until the appeal process was finished and it came back to him on a PCRA petition. Do you supply reasons why he believed the new trial was warranted? Well, he reviews generally the ineffectiveness claims, and then he comes to a conclusion based on the review of all the evidence that a new trial would be warranted. So it's not a lengthy opinion, but it is clear on its face. And for the government to allege at this point that it's simply a typo without any factual basis I think really is truly extraordinary. Concerning the affidavit and the CLEO affidavit rule, the government's argument really is fundamentally contradictory. On the one hand, they're saying there was no requirement of an affidavit from trial counsel. On the other hand, they're saying that to qualify as a valid offer of proof, there would have had to have been an affidavit from trial counsel, and nothing else would qualify as a valid offer of proof. So it's a self-contradictory argument. They, no matter what, get back to the CLEO affidavit rule, which could not be a valid basis. The government also, concerning the second procedural bar issue, the expiration of the sentence, again is shifting to a different procedural ground and arguing that there was an available procedure in the Superior Court which was raising the ineffectiveness claims in the state Superior Court. That was not the basis for the procedural bar in this case. And under the clear case law, Harris v. Reed in the Supreme Court, Holloway in this court, and Smith in this court, it's crystal clear that we only look to the procedural ground that was the basis for dismissal. And the procedural ground for dismissal in this case was the expiration of the sentence. There was nothing else involved. So we can't look to all these other issues that the government is trying to raise at this point. Cost is still valid, notwithstanding the partial reversal by the Supreme Court. Exactly. Cost, it was reversed on other grounds. And I think that's very clear from the opinion itself. I see my time is up. If there's no further questions. Thank you very much. Thank you, Your Honor. Mr. Galway, thank you. We'll take the case under advisement. Judge Vanderwerff, can you stay on? Can we come back in 10 minutes? Yeah, either that, or maybe the Chambers has a speakerphone. We can do it that way, or you can come back in the courtroom whenever you would prefer. Okay, let's try that. We'll get back to you. Do you want me to hang up at this point? Yeah, thank you. All right. This is Judge Vanderwerff, and I'm going to sign off. You can reach me either from Chambers or the courtroom. The same number, which is 610-252-6595. Thank you. Thank you. Thank you.